UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ARIEL D. CHISHOLM,
Plaintiff,

v.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP,
Defendant.

Civil Action No. _____

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Plaintiff Ariel D. Chisholm, appearing pro se, brings this action against Defendant Finnegan, Henderson, Farabow, Garrett & Dunner, LLP and alleges the following:

## 1. JURISDICTION

1. This action arises under federal employment discrimination laws, including Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and other applicable laws.

2. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") dated May 5, 2026.

3. Plaintiff filed an EEOC Charge of Discrimination against Defendant. The EEOC Charge Number is 523-2025-04911.

4. Defendant is located and/or conducts business in Massachusetts, and the events giving rise to this complaint occurred in Boston, Massachusetts.

## 2. PARTIES

5. Plaintiff Ariel D. Chisholm is a resident of Massachusetts.

6. Defendant Finnegan, Henderson, Farabow, Garrett & Dunner, LLP is Plaintiff's former employer.

7. Plaintiff was employed by Defendant as an Intellectual Property Clerk beginning on March 18, 2024.

## 3. FACTUAL ALLEGATIONS

8. Plaintiff is a Black female and was 42 years old at the time of her termination.

9. During Plaintiff's employment, she experienced harassment and discriminatory treatment in the workplace.

10. Plaintiff was subjected to stalking and harassment by a coworker, Dawn Doyle.

11. Plaintiff reported harassment and workplace concerns to her manager, Nancy Welton, on approximately three occasions.

12. Plaintiff also reported concerns to Human Resources, Dawn Ibbott and Sarahi Estrella between July – August 2026.

13. Defendant's management and Human Resources failed to take reasonable and effective action to stop the harassment or adequately address Plaintiff's complaints.

14. Defendant met with the coworker involved but failed to take sufficient corrective action.

15. Plaintiff was treated differently from other coworkers regarding discipline, workplace expectations, and office attendance requirements.

16. Plaintiff's manager, Nancy Welton, monitored Plaintiff's physical presence in the office in a manner that Plaintiff did not observe being applied to other coworkers.

17. In approximately April through July 2025, a position became available after a coworker left as a Business Development Specialist.

18. The manager of the Business and Client Development Department expressed to Plaintiff that Plaintiff would be a great fit for the position and indicated interest in having Plaintiff join the department.

19. Plaintiff was not selected for the position and was not provided a reason or explanation.

20. Plaintiff filed an EEOC Charge of Discrimination on September 20, 2025 alleging harassment, failure of management and Human Resources to act, disability-related concerns, and medical leave issues.

21. Defendant received notice of Plaintiff's EEOC charge from the EEOC on or about April 9, 2026.

22. Plaintiff later took medical leave in August 2025 with a diagnosis of anxiety disorder and major depressive disorder.

23. Plaintiff informed both managers, Nancy Welton and Lisa Tkach, that the harassment, stalking, and workplace conditions were negatively affecting her mental health.

24. Defendant was aware of Plaintiff's medical condition and medical leave.

25. On or about April 17, 2026, Defendant terminated Plaintiff's employment.

26. Defendant stated that it could not hold Plaintiff's position while she was on medical leave by telephone on or about April 15, 2026 with benefits manager, Tammy Todd.

27. Plaintiff alleges that Defendant's stated reason was a pretext and that the termination was influenced by Plaintiff's protected activity, complaints of discrimination and harassment, disability-related circumstances, and medical leave.

## 4. CLAIMS FOR RELIEF

### COUNT I — DISCRIMINATION BASED ON RACE, SEX, AND AGE

28. Plaintiff incorporates the preceding allegations.

29. Defendant treated Plaintiff differently from similarly situated employees and denied Plaintiff equal employment opportunities.

30. Defendant's actions included unequal discipline, unequal workplace expectations, and denial of advancement opportunities.

31. Plaintiff suffered damages as a result.

### COUNT II — HOSTILE WORK ENVIRONMENT AND FAILURE TO ADDRESS HARASSMENT

32. Plaintiff incorporates the preceding allegations.

33. Defendant knew or should have known about the harassment affecting Plaintiff.

34. Defendant failed to take prompt and effective corrective action.

35. Plaintiff suffered emotional distress and other damages.

### COUNT III — RETALIATION

36. Plaintiff incorporates the preceding allegations.

37. Plaintiff engaged in protected activity by reporting harassment and discrimination and filing an EEOC charge.

38. Defendant knew about Plaintiff's protected activity.

39. Defendant terminated Plaintiff after receiving notice of Plaintiff's EEOC charge.

40. Plaintiff alleges the termination was retaliatory.

**COUNT IV — DISABILITY-RELATED DISCRIMINATION AND RETALIATION**

41. Plaintiff incorporates the preceding allegations.

42. Plaintiff has anxiety disorder and major depressive disorder.

43. Defendant knew Plaintiff's medical condition and that workplace conditions were affecting her health.

44. Defendant terminated Plaintiff while aware of Plaintiff's medical leave and disability-related circumstances.

45. Plaintiff suffered damages as a result.

**5. DAMAGES AND RELIEF REQUESTED**

Plaintiff requests:

A. Lost wages and employment benefits;

B. Compensation for emotional distress and mental anguish;

C. Punitive damages where permitted;

D. Compensation for lost career opportunities;

E. Any other relief the Court finds appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

Ariel D. Chisholm
Plaintiff, Pro Se

Date: August 6, 2026